UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICTOR KARP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02012-TWP-TAB |
| ) | |
| WENDY KNIGHT, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ENTRY SCREENING AMENDED COMPLAINT
AND DIRECTING ISSUANCE OF PROCESS**

Victor Karp is an inmate at Pendleton Correctional Facility (PCF). Because Mr. Karp is a prisoner, the Court is obligated to screen his amended complaint. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Karp's pro se pleading is construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Amended Complaint

The amended complaint describes incidents that took place at PCF between June and August 2020. Mr. Karp asserts claims for damages against ten Indiana Department of Correction employees stationed at PCF.

In June 2020, Mr. Karp held a job in the prison brake shop. Officer Issacs conducted a "shakedown" of the brake shop on June 16, 2020, and confiscated some of Mr. Karp's property. On June 26, Mr. Karp wrote an informal grievance regarding the shakedown.

On June 29, Officer Issacs conducted a second shakedown of the brake shop and again confiscated Mr. Karp's property. He stated that he was conducting the shakedown because of Mr. Karp's informal grievance. Captain Ridgeway and Major Fox directed Officer Issacs to complete the second shakedown.

On July 1, Mr. Karp filed a grievance regarding the second shakedown. Two days later, Officers Williams and Frye woke him up and took him to an office with no security video. He was surrounded in the office by Officer Williams, Officer Frye, Sergeant Harris, and Officer Ross. Captain Ridgeway entered and stated he would have Mr. Karp fired from his job and moved to segregation if he did not stop harassing officers with grievances.

Mr. Karp filed a third grievance regarding his confrontation by Captain Ridgeway and the other officers. Within a few days, Officer Issacs conducted another shakedown of the brake shop and threw away Mr. Karp's property.

On August 5, 2020, Mr. Karp filed a grievance against Warden Wendy Knight for instituting a policy that prohibited inmates from taking coffee into the brake shop.

### III. Analysis

The action **shall proceed** with First Amendment claims against Officer Issacs, Captain Ridgeway, Major Fox, Officer Williams, Officer Frye, Sergeant Harris, and Officer Ross pursuant to 42 U.S.C. § 1983. These claims are based on the allegations set forth in Part II above and the theory that the defendants acted with the purpose of retaliating against Mr. Karp for pursuing grievances or deterring him from pursuing future grievances.

Claims against Mrs. Ritchie-Gardner and the defendant identified as "Unknown Supervisor" are **dismissed** for **failure to state a claim** upon which relief may be granted. "Only someone personally responsible in a constitutional violation can be held liable under [42 U.S.C.] § 1983." *Wojcik v. Cook Cnty.*, 803 F. App'x 25, 27 (7th Cir. 2020) (citing *Wilson v. Warren Cnty., Ill.*, 830 F.3d 464, 469 (7th Cir. 2016)). The amended complaint asserts no allegations describing conduct by Mrs. Ritchie-Gardner or the unknown supervisor. Accordingly, Mr. Karp has not raised a reasonable inference that these defendants were personally involved in any action that deprived Mr. Karp of a right.

Similarly, all claims against Wendy Knight are **dismissed** for **failure to state a claim** upon which relief may be granted. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). The amended complaint's only allegations against Ms. Knight are that she (1) knows that Captain Ridgeway has been the subject of harassment and discrimination grievances and lawsuits by other prisoners and officers, (2) that she disallowed coffee in the brake shop, and (3) she

directed Lieutenant Gaunt to post a sign announcing that policy. Mr. Karp does not allege that Ms. Knight was involved in any way with the threatening and retaliatory conduct described in Part II, and he does not assert that the no-coffee policy violates any right.

### IV. Issuance of Process and Conclusion

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants (1) Officer Issacs, (2) Captain Ridgeway, (3) Major Fox, (4) Officer Williams, (5) Officer Frye, (6) Sergeant Harris, and (7) Officer Ross in the manner specified by Rule 4(d). Process shall consist of the amended complaint (dkt. [6]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The claims discussed in Part III are the only claims identified by the Court. If Mr. Karp believes he asserted claims in the amended complaint that the Court has not addressed, he shall have **through December 14, 2020**, to notify the Court.

The **clerk is directed** to **terminate** Wendy Knight, Mrs. Ritchie-Gardner, and the Unknown Supervisor as defendants.

   **IT IS SO ORDERED.**


Date:   11/17/2020

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

4

Distribution:

VICTOR KARP
149143
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronic service to Indiana Department of Correction employees at Pendleton Correctional Facility:

    (1) Officer Issacs
    (2) Captain Ridgeway
    (3) Major Fox
    (4) Officer Williams
    (5) Officer Frye
    (6) Sergeant Harris
    (7) Officer Ross